February 3, 1992

460

## IN THE SUPREME COURT OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

RYOKO ITO, as Personal ) (CONSOLIDATED)
Representative of the ) APPEAL NOS. 91-032,
heirs of AKINOBU ITO, Deceased. ) 91-033, 91-034 & 91-037
 ) CIVIL ACTION NO. 89-918
 Plaintiff/Appellee/Appellant, )
 )
 vs. )
 ) **DECISION AND ORDER**
MACRO ENERGY, INC., MARIANAS )
OCEAN ENTERPRISES, NOBUO HIRAI, )
SHIGEMI YAMAGISHI, and AMERICAN )
HOME ASSURANCE CO., )
 )
 Defendants/Appellees/Appellants. )
_____ )

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

DELA CRUZ, Chief Justice:

The plaintiff, Ryoko Ito, as personal representative of the heirs of Akinobu Ito, deceased, has moved to dismiss all of the four appeals (including her own) which were taken by the parties from a trial court Rule 54(b), certification of two separate pre-trial orders in order for the parties to seek interlocutory review before proceeding further below. Ito contends that the certification of those orders for immediate appeal was erroneous since no final judgment has been entered. That being the case, Ito asserts that we lack appellate jurisdiction to review those orders.

461

She argues that if we proceed to review those orders we shall be rendering "advisory opinions."

## I.

In order to determine whether the trial court improperly certified for appeal the two pre-trial orders under Rule 54(b), Com.R.Civ.P., we briefly describe what happened below.

Ryoko Ito filed a suit for wrongful death against Macro Energy, Inc. ("Macro"), Marianas Ocean Enterprises ("MOE"), Nobuo Hirai ("Hirai"), Shigemi Yamagishi ("Yamagishi"), and American Home Assurance Company ("American Home"). Ito alleged that her husband Akinobu Ito died in a scuba diving accident caused by the negligence of Macro Energy and its employees Hirai and Yamagishi. MOE was sued as the alter ego of Macro Energy. American Home was sued as Macro Energy's insurer.

The first order at issue here is the amended summary judgment order entered January 28, 1991, which dismissed Macro Energy and MOE as party defendants. The trial court ruled that the "Agreement For Exemption From Obligation" signed by the decedent just before the diving incident precluded recovery for any liability on the part of Macro Energy and its alter ego MOE.

The second order at issue is the partial summary judgment order entered April 16, 1991, which (a) denied American Home's motion for a ruling that Macro Energy's employees (Hirai and Yamagishi) are not covered by the insurance policy, and (b) granted American Home's motion for a ruling that the limit of coverage is $100,000, not $300,000.

## II.

We begin our analysis by reviewing Rule 54(b), which in pertinent part reads:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

As stated in 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil 2d § 2655 (1983),

> [T]he general requirements are that the case include either multiple claims, multiple parties, or both and that either one or more but fewer than all the claims have been decided or that all the rights and liabilities of at least one party have been adjudicated.

Clearly, the two pretrial orders meet the general requirement that the case involves multiple parties. The question that remains with regard to the general requirements is whether the pretrial orders decided one or more but fewer than all the claims, or whether the rights and liabilities of at least one party have been adjudicated. That is, the question now is whether the orders are final. Once this question is answered, the appellate court then determines if there was an abuse of discretion in the determination that there is no just reason for delay. The question of whether the orders are final is subject to de novo review. Id. It is stated in C. Wright, A. Miller, & M. Kane that,

463

> [T]he certificate is not conclusive as to the finality of the trial court's order. If the order is in fact interlocutory and does not actually adjudicate one or more but less than all of the claims in the action or the rights and liabilities of one or more parties, an appeal from it will be dismissed, even though the trial court has decided to treat the order as final.

Id.

We will address each order separately in reverse chronological sequence.

A. The April 16, 1991, Order

██This order denied American Homes' summary judgment motion for a ruling that Macro Energy's employees are not covered by the insurance policy. It granted summary judgment to American Homes' motion for a ruling that the limit of coverage is $100,000.

This order is not final. It neither adjudicates one or more but less than all of the claims in the action, nor does it adjudicate the rights or liabilities of one or more parties. The first part of the order is a denial of summary judgment. Clearly, this is not final. See, 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil 2d § 2715 (1983), at 636, citing U.S. v. Florian, 312 U.S. 656, 61 S.Ct. 713, 85 L.Ed. 1105 (1941). The parties will have a trial on this issue.

██The second part of the order is also not final since the limit of coverage neither adjudicates a right nor a liability of any of the parties. It merely states that the limit of coverage is a certain sum. It does not say the a party has to pay this amount, or that a party is entitled to this amount. That is still left for

464

trial.

Because we have determined that this order is not final, there is no need to address the issue of whether the trial court's determination of "no just reason for delay" was an abuse of discretion.

B. The January 28, 1991, Order

We agree with the trial court that this order, which dismissed Macro Energy and MOE from the case, fully adjudicated the case as to them.

It is ironic that, instead of plaintiff Ito, defendants Hirai, Yamagishi and American Home are the ones that moved to have the dismissal order certified for appellate review. A threshold question that confronts us, therefore, is whether a defendant who is still in the case may seek Rule 54(b) certification of the dismissal of other defendants, presumably to force the plaintiff to file an appeal.

> There is no procedure for obtaining a certificate prescribed in Rule 54(b). In most cases a party simply will file a motion requesting the court to make the determination and direction required by the rule. In an appropriate case, the [trial] court may consider the question sua sponte.

Id., § 2660, at 122. Therefore, it does not matter who moved for certification so long as the requirements of the rule are met.

Since this order fully adjudicated the issue of liability as to Macro Energy and MOE, the next question that we have to address is whether the trial court abused its discretion when it determined that there is no just reason for delay. We find that there is a

465

just reason for delay, and that certification should have been denied.

In this case, we need to consider several factors in reviewing the certification of the order at issue. See generally, 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure: Civil § 2659, pp. 105-108. The first factor is whether our hearing the appeal taken from the certification would have us determining questions that are before the trial court with regard to other claims. A second factor is the possibility that the need for review might be mooted by future developments in the trial court. A third factor is the possible impact of an immediate appeal on the remaining trial proceedings, i.e. whether the appeal will have the undesirable effect of delaying the trial of the unadjudicated matters without gaining any offsetting advantage in simplifying and facilitating the trial. Id.

The second factor is particularly relevant to this case since the basic claim for relief stems from the plaintiff's allegation of negligence on the part of the employees Hirai and Yamagishi. Their negligence has not yet been established. Only if it is established that the negligence of Hirai and Yamagishi proximately caused the death of Ito's husband would the ruling that Macro Energy and MOE are not liable because of the "Exemption Agreement" be then appropriate for our review. Our interlocutory review of the dismissal ruling might be mooted by future developments in the trial court, i.e. if Hirai and Yamagishi are found not negligent. If such were the case, our opinion on it would be premature and

would, in effect, be advisory in nature because Macro Energy and MOE were named as defendants on the theory of respondent superior. For this reason, it is our opinion that the certification of the dismissal order should also have been denied. The need to first resolve the underlying question of employee negligence justified delaying certification. We find, therefore, that the certification of this order was an abuse of discretion.

Accordingly, we vacate the Rule 54(b) certification of both orders and the appeals taken therefrom are **DISMISSED**. The case is remanded to the Superior Court to proceed to trial.

Dated this 3rd day of February, 1992.

Jose S. Dela Cruz
Chief Justice

Ramon G. Villagomez
Associate Justice

Jesus C. Borja
Associate Justice